UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES MATHIS, | ) | |
| | ) | |
| Plaintiff, | ) | 13 C 8024 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| IMHOTEP CARTER, HOLLI LOGAN, MARCUS HARDY, and DARRYL M. EDWARDS, | ) ) | |
| | ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Charles Mathis, at all relevant times an inmate at Stateville Correctional Center, filed this suit under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs in violation of the Eighth Amendment. Doc. 1. The court granted summary judgment to Defendants and entered final judgment. Docs. 219-221 (reported at 2017 WL 56631 (N.D. Ill. Jan. 5, 2017)). Defendants now seek $ 2,927.25 in costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920. Doc. 222. Mathis urges the court to deny costs due to his indigence. Doc. 236.

A prevailing party "presumptively receives the costs of litigation and it is the losing party's burden to overcome this presumption." *Johnson v. Target Corp.*, 487 F. App'x 298, 301 (7th Cir. 2012). But "it is within the discretion of the district court to consider a plaintiff's indigency in denying costs under Rule 54(d)." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006) (internal quotation marks omitted). *Rivera* directs district courts to undertake a two-step analysis when presented with a claim of indigency:

> First, the district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the

> future. The burden is on the losing party to provide the district court with sufficient documentation to support such a finding. This documentation should include evidence in the form of an affidavit or other documentary evidence of both income and assets, as well as a schedule of expenses. Requiring a non-prevailing party to provide information about both income/assets and expenses will ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances. Moreover, it will limit any incentive for litigants of modest means to portray themselves as indigent.
>
> Second, the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs. No one factor is determinative, but the district court should provide an explanation for its decision to award or deny costs.

*Id*. at 635-36 (citations and internal quotation marks omitted). Contrary to Defendants' submission, Doc. 240 at 2-3, the *Rivera* analysis applies to prisoner suits subject to the Prisoner Litigation Reform Act. *See Cullum v. L.T. Provence*, 2016 WL 368016, at *1 (S.D. Ill. Jan. 29, 2016) (applying *Rivera* in a prisoner suit where the plaintiff had been granted leave to proceed *in forma pauperis*); *Chencinski v. David*, 2013 WL 161735, at *1 (S.D. Ill. Jan. 14, 2013) (same).

As for the first step of *Rivera*, Mathis submits an affidavit averring that he has a monthly income of twenty dollars—of which approximately four dollars is charged to pay the filing fee for this suit, with the remainder spent on personal necessities such as toothpaste and deodorant—zero dollars in his inmate account, and no assets. Doc. 236-1 at ¶¶ 3-5. He is serving a forty-year prison term with a projected discharge date of February 23, 2041. *Id*. at ¶ 1; Doc. 240-1 at ¶ 3. He also suffers from a medical condition that restricts his ability to work. Doc. 236-1 at ¶¶ 6-8. The unfortunate reality is that Mathis's income-generating capabilities are and will continue to be severely limited while he is imprisoned, and that they are not likely to materially improve upon his release. Given these circumstances, Mathis has established that he "is incapable of paying the court-imposed costs at this time or in the future." *Rivera*, 469 F.3d at 635 (internal quotation marks omitted); *see also Schultz v. Dart*, 2016 WL 3227276, at *2 (N.D.

2

Ill. June 13, 2016) (declining to assess costs against a losing party who was incarcerated and indigent); *Kelley v. Ferguson*, 2016 WL 759328, at *1-2 (E.D. Mich. Feb. 26, 2016) (same).

As for the second step of *Rivera*, while the costs sought by Defendants are by no means astronomical, they would still pose a substantial hardship to Mathis, whose present income is negligible and whose post-incarceration income-generating capabilities are entirely speculative and likely to be extremely limited. Moreover, Mathis pursued his case in good faith, and his constitutional claims, while rejected on summary judgment, were not frivolous.

For these reasons, the court denies Defendants' request for costs.

May 23, 2017

United States District Judge